# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOLLHOUSE INVESTMENTS, LLC** | : | CIVIL ACTION |
| in its own right and derivatively | : | |
| on behalf of Ferry Street Holdings, LLC | : | NO. 16-5665 |
| and Ferry Street Hospitality, LLC | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **STEVEN E. LAU**, *et al.*, | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.          JULY 12, 2017

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court are the *motions to dismiss* filed by Defendants Steven E. Lau ("Lau"), [ECF 23], and Frank DeLuca ("DeLuca"), [ECF 21], (collectively "Defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which seek the dismissal of the civil rights claims asserted in Plaintiff Tollhouse Investments, LLC's ("Plaintiff") amended complaint. Plaintiff has opposed both motions. [ECF 27, 29]. The issues raised in the motions to dismiss have been fully briefed and are ripe for disposition. For the reasons stated herein, Defendants' motions to dismiss are granted.[1]

### BACKGROUND

On December 15, 2016, Plaintiff filed an amended complaint in its own right and derivatively on behalf of Ferry Street Holdings, LLC ("Holdings"), and Ferry Street Hospitality, LLC ("Hospitality"), pursuant to 42 U.S.C. § 1983 ("§1983") against Defendants, asserting that

---

[1]     Though Plaintiff originally included Edward Kang and his law firm, Kang Haggerty & Fetbroyt, LLC, as Defendants, Plaintiff has since dismissed its claims against them. [ECF 30].

Defendants violated their Fourth and Fourteenth Amendment rights by unlawfully seizing certain property. [ECF 19]. In their motions to dismiss, Defendants argue, *inter alia*, that Plaintiff lacks standing to bring this action, and that Plaintiff has failed to allege facts sufficient to show the requisite constitutionally protected interest for Fourth and Fourteenth Amendment claims. [ECF 21, 23].

When ruling on Defendants' motions to dismiss, this Court must accept as true all factual allegations in the amended complaint and construe them in the light most favorable to Plaintiff. *Fowler v UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The relevant facts averred in Plaintiff's amended complaint are summarized as follows:

> Plaintiff is a limited liability company organized and existing under the laws of Pennsylvania. (Am. Compl. ¶5). Defendant Lau is an individual who resides in Bucks County, Pennsylvania. (*Id.* ¶6). Defendant DeLuca is a resident of Pennsylvania and is employed as a Pennsylvania State Constable. (*Id.* ¶7)
>
> Plaintiff and Defendant Lau are the sole members of two limited liability companies, Holdings and Hospitality, both of which are organized under the laws of Pennsylvania. (*Id.* ¶¶11-13). Holdings owns "the real estate and all improvements that situate on what is known as" the Ferry Street Premises (the "Premises"), and Hospitality leases the Premises to operate a bar/restaurant. (*Id.* ¶¶14-15).
>
> Previous to this action, Plaintiff filed a declaratory judgment action in state court, currently pending, to resolve a legal dispute between Plaintiff and Defendant Lau over the percentage of ownership interest each holds in Holdings and Hospitality. (*Id.* ¶¶16, 37-39).
>
> On October 13, 2016, two Hospitality employees, John Ramirez ("Ramirez") and Jake Brogan ("Brogan") (collectively the "Hospitality Employees"), and Michelle Churchill ("Churchill"), Plaintiff's duly authorized agent, were at the Premises to conduct interviews of potential employees for Hospitality's bar/restaurant. (*Id.* ¶23). Plaintiff alleges that Churchill was reasonably and rightfully permitted to be on the Premises to conduct the business dealings of Holdings and Hospitality. (*Id.* ¶¶17-27).

On that same day, Defendant DeLuca, wearing his Pennsylvania State Constable uniform and badge, hand-delivered "cease and desist" letters (the "Cease and Desist Letters") at the Premises, (*Id.*¶ ¶55-57). The Cease and Desist Letters were personally addressed to Brogan, Ramirez, and Churchill, but utilized the street address of the Premises. (*Id.* ¶¶30-36). The three letters were drafted by Defendant Lau's attorney, Edward Kang ("Kang"), on his official letterhead, and were captioned, "Legal Notice, Cease and Desist – No Trespass" in bold font. (*See* Am. Compl. Ex. A). The letters were identical and contained the following language:

> I represent Steven Lau, who, as you know, is the owner and manager of the above-referenced property, including the building located thereon (the "Premises"); as well as the owner, operator, and manager of Ferry Street Holdings LLC and Ferry Street Hospitality LLC.
>
> By receipt of this letter, you are hereby placed on notice that you have no right, expressed or implied, to enter upon, or to remain, in any place upon which this notice of trespass is given (namely, the Premises), at any time whatsoever, or for any purpose.
>
> Any attempt by you to access the Premises will be regarded as trespass, and my client will pursue any and all legal remedies available to him against you.
>
> Very truly yours,
> Edward T. Kang

(Am. Compl. ¶¶30-36, 47-50, 52, 55; *see also* Am. Compl. Ex. A).

Following the hand delivery of each letter, Defendant DeLuca stated, "You've been served," (Am. Compl. ¶¶ 51-52, 54-57), and waited by the door until the Hospitality Employees and Churchill left. (*Id.*¶¶59, 63).

Afterwards, Defendant Lau changed the locks to the Premises. (*Id.* ¶64). Plaintiff alleges that sometime thereafter, Lau's friend, Glen Stephan, "either broke in or was allowed in" to the Premises to disable or destroy the surveillance system for the Premises. (*Id.* ¶66).

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* at 545. However, a plaintiff must allege facts sufficient to entitle it to relief. *Id*. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 678 (2009).

In order to avoid dismissal, the complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler,* 578 F.3d at 210. The facts alleged by the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211. If the facts pled are not enough to allow a court to infer more than a mere possibility of the misconduct alleged, the complaint "has alleged but not show[n] that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

As noted, Plaintiff brings this §1983 civil rights action against Defendants premised on alleged violations of Plaintiff's right to be secure from unreasonable seizures under the Fourth Amendment, and procedural and substantive due process rights under the Fourteenth Amendment. [ECF 19]. Defendants move to dismiss the claims on the basis that, *inter alia*,

Plaintiff lacks Article III standing, and that Plaintiff has failed to allege facts sufficient to show that Plaintiff had a constitutionally protected interest in the seized property. [ECF 21, 23]. These arguments will be discussed *infra*.

### *Article III Standing*

Defendants argue that Plaintiff does not have Article III standing. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Thus, before addressing the merits of Plaintiff's claims, this Court must first determine whether Plaintiff has standing to assert the constitutional claims on its own behalf and/or derivatively on behalf of Holdings and Hospitality. To establish standing, a plaintiff must show:

> (1) that the plaintiff [has] suffered an "injury in fact"—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of— the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Aetna U.S. Healthcare, Inc. v. Columbia Cas. Co.*, 1999 WL 554606, at *2 (E.D. Pa. July 20, 1999) (citing *Bennet v. Spear*, 520 U.S. 154, 167 (1997)); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (reiterating the elements required to establish standing). Further, with respect to a §1983 claim premised on the violation of the Fourth Amendment, a plaintiff "must: (1) assert *his own* property rights, and (2) allege an injury in fact." *Eiland v. Jackson*, 34 F. App'x 40, 42 (3d Cir. 2002) (emphasis added); *see also Susinno v. Work Out World Inc.,* No. 16-3277 (3d Cir. 2017) ("Article III standing requires a concrete injury […] intangible injuries can nevertheless be concrete.").

Specifically, Defendants contend that Plaintiff has not alleged facts sufficient to show that Plaintiff, rather than one and/or both of the limited liability companies in which Plaintiff has an ownership interest, suffered an "injury in fact." Plaintiff disputes this contention and insists it has standing because of a possessory interest in the Premises. This Court disagrees with Plaintiff's contention.

Under Pennsylvania law, a limited liability company, such as Holdings and Hospitality, is an independent legal entity with "the legal capacity of natural persons to act." 15 Pa. Cons. Stat. §8921 (repealed 2016).[2] A limited liability company has the power to do all things necessary to run its business, which includes, *inter alia,* the power to sue and be sued, separate and apart from its members. *Id.* at §8991 (repealed 2016); *see also Meade v. Kiddie Acad. of Domestic Franchising, LLC,* 501 F. App'x 106, 108 (3d Cir. 2012) (explaining that generally, members of limited liability companies do not have standing to sue on behalf of the limited liability companies of which they are members); *Hvizdak v. United States*, 2015 WL 5098745, at *3 (W.D. Pa. Aug. 31, 2015); *Tullett Prebon, PLC v. BGC Partners, Inc.*, 2010 WL 2545178, at *4 (D.N.J. June 18, 2010), *aff'd,* 427 F. App'x 236 (3d Cir. 2011). Notably, property acquired by a limited liability company (LLC) is deemed property of the LLC and a "member has no interest in specific property of a company." 15 Pa. Cons. Stat. §8923 (repealed 2016); *see also In re: Virginia Hart, Debtor*, 530 B.R. 293, 307 (Bankr. E.D. Pa. 2015) (concluding that membership

---

[2] In 2016, the Pennsylvania Legislature repealed the Pennsylvania Limited Liability Company Law of 1994 (the "1994 Act") and replaced it with the Pennsylvania Uniform Limited Liability Company Act of 2016 (the "2016 Act"). *See* 15 Pa. Cons. Stat. § 8811, *et seq*. By its express terms, the 2016 Act only governs limited liability companies formed on or after February 21, 2017, or those electing to so be governed. Because the limited liability companies involved in this matter were obviously formed before the effective date of the 2016 Act, and because Plaintiff has provided no evidence that the two limited liability companies have elected to be governed by the 2016 Act, the 1994 Act is the governing statute in this matter.

in a limited liability company, even sole membership, does not give the member a possessory interest in the limited liability company's property).

As noted and alleged, Holdings and Hospitality are limited liability companies under Pennsylvania law, and Plaintiff is a member of these companies. (Am. Compl. ¶19). Holdings is the owner of the Premises, the property allegedly seized, and Hospitality leases the Premises. (*Id.* at ¶¶14-15). Under the law, Plaintiff, as a mere member of these two limited liability companies, has no possessory interest in the Premises. *See* 15 Pa. Cons. Stat. §8923(a) (repealed 2016) ("A member has no interest in specific property of a company."). As such, Plaintiff's argument that it has a possessory interest in the Premises lacks legal merit. Because Plaintiff has no possessory interest in the Premises, it has no standing to assert claims premised upon the alleged unlawful seizure of the premises. Therefore, the claims brought on its own right are dismissed.

Plaintiff also attempts to assert a derivative claim on behalf of Holdings and/or Hospitality. However, this derivative claim also fails. Although Plaintiff alleges that it is a member of both Holdings and Hospitality, Plaintiff's membership alone in these companies does not give Plaintiff standing to sue on behalf of either Holdings or Hospitality. *Symonies v. Sobol (In Re Sobol),* 545 B.R. 477, 494-95 (Bankr M.D. Pa. 2016). Though a member of a limited liability company may assert a derivative claim on behalf of the company, it can only do so where a governing operating agreement provides for such derivative suits and with authorization from the majority vote of eligible members. *Id; see also* 15 Pa. Cons. Stat. §8992 (repealed 2016). Here, Plaintiff has not alleged that it has been authorized to bring such a derivative suit pursuant to the terms of the operating agreements that govern Holdings and/or Hospitality, or by a majority vote of the eligible members. As such, Plaintiff has not alleged facts necessary to

assert a derivative claim on behalf of either Holdings or Hospitality. Consequently, any derivative claims brought by Plaintiff against Defendants are dismissed.

### *Pleading Sufficiency of Plaintiff's §1983 Claims*

Defendants also argue that Plaintiff has failed to assert facts sufficient to plead a viable §1983 claim premised on either Fourth or Fourteenth Amendment violations. Specifically, Defendants argue that because Plaintiff lacks a possessory, or any other interest, in the Premises, Plaintiff's §1983 claims fail as a matter of law. This Court agrees.

As noted, Plaintiff has premised each of its §1983 claims on the alleged seizure of the Premises and/or the deprivation of its interest in the Premises. This Court has determined that Plaintiff has no standing to bring this action. Notwithstanding, in order to assert a viable §1983 claim for a violation of a Fourth Amendment right, a plaintiff must allege facts sufficient to show a "seizure" of property, which occurs when "there is some meaningful interference with an individual's *possessory interests* in that property." *Soldal v. Cook Cnty,* 506 U.S. 56, 61 (1992) (emphasis added); *see also Open Inns, Ltd. V. Chester Cnty Sheriff's Dep't,* 24 F. Supp. 2d 410, 423-424 (E.D. Pa. 1998). Similarly, to assert the violation of Fourteenth Amendment rights, a plaintiff must allege facts sufficient to show that the plaintiff was deprived of a protected liberty or property interest. *Bd. of Regents of State Colls v. Roth,* 408 U.S. 564, 577 (1972); *Hill v. Borough of Kutzown*, 455 F.3d 225, 233-34 (3d Cir. 2006) ("To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."); *Nicholas v. Penn State University,* 227 F.3d 133, 139-140 (3d Cir. 2000) (holding that "a plaintiff must establish as a threshold matter that he has a protected property interest to which the

Fourteenth Amendment's due process protection applies"); *Abbott v. Latshaw,* 164 F.3d 141, 144 (3d Cir. 1998) ("It is elementary that procedural due process is implicated only where someone has claimed that there has been a taking or deprivation of a legally protected liberty or property interest"); *Acerino v. Cloutier,* 40 F.3d 597, 616 (3d Cir. 1994) (holding that "as a threshold matter, the aggravated party must demonstrate that she possessed an interest protected by the Fourteenth Amendment in order to bring a successful procedural due process claim"); *Snyder v. Daugherty,* 899 F. Supp. 2d 391 (W.D. Pa. 2012) (holding that a valid possessory interest is protected under the Fourteenth Amendment); *Hettinga v. United States*, 677 F.3d 471, 479-80 (D.C. Cir. 2012) (holding that a deprivation of liberty or property interest is a "threshold requirement of a due process claim").

Here, each of Plaintiff's §1983 claims is premised upon the alleged seizure or deprivation of an alleged interest in the Premises. As stated in the amended complaint, Holdings owns the Premises, which is leased by Hospitality. As set forth above, Plaintiff, as a member of the limited liability companies, lacks any possessory interest in the Premises. In the absence of such interest, or any other constitutionally protected interest, Plaintiff's §1983 claims, as alleged, fail as a matter of law.[3]

---

[3] The Fourteenth Amendment also encompasses substantive due process. However, if "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994). Because Plaintiff's claims would be protected under the Fourth Amendment, had a valid possessory interest existed, Plaintiff's substantive due process claim under the Fourteenth Amendment is barred by the afore described "explicit source rule." *Cf., Rankin v. Smithburger*, 2013 WL 3550894, at *11-12 (W.D. Pa. July 11, 2013) (dismissing Fourteenth Amendment substantive due process claim where the alleged claim fell within protection of Fourth Amendment).

*Leave to Amend*

The established rule in this Circuit is that a district court must ordinarily provide a civil rights plaintiff with an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6). *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, a court need not grant leave to amend if it finds that doing so would be legally futile. *Id.* This Court has dismissed Plaintiff's §1983 claims against Defendants because Plaintiff lacks Article III standing, and has also failed to allege the existence of a constitutionally protected interest. Plaintiff's derivative claims cannot be amended to correct their legal deficiencies because, under Pennsylvania law, a derivative claim may only be brought by a "member of the company… who is duly authorized to sue by the vote of members entitled to vote who do not have an interest in the outcome of the suit that is adverse to the interest of the company." 15 Pa. Cons. Stat. §8992(1) (repealed 2016). Plaintiff is suing the only other member of both limited liability companies that would have standing to sue; therefore, there are no disinterested members who could vote in favor of Plaintiff's bringing this suit. Because no facts could alter Plaintiff's status as a mere member of Holdings and Hospitality with no possessory interest in the Premises, and because no facts could alter Plaintiff's lack of authorization to bring this suit derivatively, granting leave to amend would be legally futile.

**CONCLUSION**

For the reasons stated herein, Defendants' motions to dismiss are granted, and Plaintiff's claims against Defendants are dismissed. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.